IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| James Cody Campbell,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   1:22cv1376 (TSE/LRV) |
| Rappahannock Regional Jail,<br>    Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION and ORDER

James Cody Campbell ("Plaintiff"), a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging the defendant, the Rappahannock Regional Jail ("RRJ"), violated his constitutional right to adequate medical care. [Dkt. No. 1]. Because the plaintiff is a prisoner, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A.[1]

### I.

Pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon

---

[1] Section 1915A provides:

>   (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
>   (b) **Grounds for dismissal.** —On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
>>   (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>>
>>   (2) seeks monetary relief from a defendant who is immune from such relief.

which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

In order to screen a complaint, it must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## II.

Plaintiff is attempting to raise a claim that he was denied timely medical care, which must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon

which relief can be granted. First, he must allege a sufficiently serious medical need. A serious medical need is one that poses a substantial risk of serious injury to an inmate's health and safety. Young v. City of Mt. Ranier, 238 F.3d 567, 576 (4th Cir. 2001). Second, he must allege deliberate indifference to that serious medical need.

In addition, while delay of, or interference with, medical treatment can amount to deliberate indifference, see Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "*marked*" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." See Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); see also Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

Formica, 739 F. App'x at 755. Substantial harm may also be "a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Corr. Inst. Inmate v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). "[T]he length of delay that is tolerable depends on the seriousness of the condition and the ease of providing treatment." Id. at 758 (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)). Here, there is no allegation that the delay resulted in substantial harm, and Plaintiff has not provided specific dates to show when action or inaction occurred, and who was responsible for the inaction or action that led to the delay in treatment.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). He must allege facts to support a claim that a person

3

had personal knowledge of and involvement in the alleged violations of his constitutional rights for the action to proceed against that person as a defendant. De'Lonta, 745 F. Supp. 2d at 690-91. Plaintiff has not named any person as a defendant.

The only named defendant, RRJ, is an adult correctional facility located in Stafford, Virginia and serves the corrections needs of the City of Fredericksburg, King George County, Spotsylvania County, and Stafford County.[2] However, "[b]ecause a jail is not a legal entity, it is not a 'person' subject to suit under § 1983." Dales v. Haysi Reg'l Jail, No. 7:16cv386, 2016 U.S. Dist. LEXIS 169607, at *1 (W.D. Va. Dec. 8, 2016) (citing McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992), aff'd, 9 F.3d 1544 (4th Cir. 1993) (table case)); see Painter v. Blue Ridge Reg'l Jail Auth., No. 6:17cv34, 2017 U.S. Dist. LEXIS 139173, at *12-13 (W.D. Va. Aug. 29, 2017) (holding that a regional jail authority "is not subject to suit under § 1983 because it is an arm of the Commonwealth of Virginia" and collecting cases). Because RRJ is not a person under § 1983 it must be dismissed as a defendant, with prejudice.

In deference to his pro se status, the Court will allow plaintiff an opportunity to amend his complaint to address the deficiencies noted.

The amended complaint *must* separately number each claim that Plaintiff is seeking to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number and shall identify the federal right he alleges has been violated. Together with the claim, in separately numbered paragraphs, Plaintiff will name the defendant or defendants associated with the claim, provide the facts associated with claim, and include the facts that establish the acts or failure to act that implicates each defendant named. In setting forth the specifics and facts of each

---

[2] https://www.rrj.state.va.us/ (last viewed Mar. 27, 2023).

claim, plaintiff should use defendants' names rather than a generic designation of "defendants," which would assist in clarifying the matter and allow a defendant to respond. The facts *must* include dates as to when matters occurred.

In setting forth the facts in his amended complaint, plaintiff should refrain from presenting arguments, editorializing, and trying to be dramatic, all of which inhibit the ability to comprehend the nature of the claim Plaintiff is attempting to present. Plaintiff is expressly advised that the amended complaint supersedes the original complaint. See Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

ORDERED that the Rappahannock Regional Jail is DISMISSED with PREJUDICE as a defendant in this civil action; and it is further

ORDERED that Plaintiff particularize and amend his complaint by filing an amended complaint within thirty (30) days of the date of this Order using the enclosed standardized §1983 complaint form by (i) naming every person he wishes to include as a defendant and (ii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, as detailed in this Order, and including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought. Plaintiff must reallege the facts from the original complaint in his amended complaint, and he must include his civil action number, **1:22cv1376 (TSE/LRV)**, on the first page of his amended complaint. Plaintiff is advised that **this amended complaint will serve as the sole complaint in this civil action**; and it is further

5

ORDERED that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to plaintiff.

Entered this 28th day of March 2023.

Alexandria, Virginia

_____
The Honorable T.S. Ellis, III
Senior United States District Judge